IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal Action No. 2:08CR4

JOSEPH G. ALEXANDER,
Defendant.

## REPORT AND RECOMMENDATION/OPINION

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Joseph G. Alexander, in person and by counsel, Brian J. Kornbrath, appeared before me on June 25, 2008. The Government appeared by Stephen Warner, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath and by asking counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count One of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. The Court inquired of Defendant, and Defendant stated he agreed with the summarization of the written plea agreement; that it represented the agreement he had made with the United States Attorney's office; and that he wished to have the written plea agreement filed. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to

the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Joseph G. Alexander, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then inquired of Defendant regarding his understanding of the written plea agreement, and determined he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant the non-binding recommendations contained in the written plea agreement, and determined that Defendant understood that those recommendations were not binding on the Court, and should the Court not accept any or all of the non-binding recommendations, Defendant would have no right to withdraw his guilty plea. The undersigned further noted, and Defendant understood, that there is a binding agreement in the written

plea agreement concerning the disposition of the case, which, if the guilty plea is accepted by the Court, shall bind the Court also.

The undersigned then reviewed with Defendant Count One of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood that an individual found guilty of that charge would be subject to the maximum sentence of not more than ten (10) years imprisonment; a fine of $250,000.00; and a period of not more than three (3) years of supervised release. Defendant also understood that his specific sentence, if the plea was accepted by the District Judge, would be imprisonment for a term of one (1) year and one (1) day. Defendant also understood that, while the Court may accept, reject or defer its decision, this agreed disposition binds the Court, with respect to the expressly-stated term of imprisonment, if the Court accepts this plea agreement. Defendant also understood that he would be required, pursuant to Title 18, USC Section 3013, to pay a special mandatory assessment of one hundred dollars ($100.00), before the sentencing hearing. Defendant also understood he may be required by the Court to pay the costs of his incarceration and supervision.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated June 17, 2008, and signed by him on June 23, 2008, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant and determined that he understood, with respect to the plea bargain agreement and to his entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count One of the Indictment, Defendant would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appellate rights as contained in the written plea agreement as follows:

Ct: Do you understand that if the Judge agrees to be bound to your agreement and sentences you to a year and a day in jail, you give up your right to appeal that sentence?

Def: Yes, your Honor.

Ct: You also give up your right to collaterally attack that sentence and how it was calculated under a motion for a writ of habeas corpus . . . .

Def: Yes, your Honor.

Ct: What that as a practical matter means to you, if you're sentenced to a year and a day and you file a motion for relief under 28 USC 2255 a habeas motion, or you file an appeal within ten days of the oral pronouncement of your sentence, the reviewing court could reject your appeal or your motion, throw it out of court, without ever giving you an opportunity to be heard, because you gave it up. Do you understand that?

Def: Yes, your Honor.

In consideration of all which, the undersigned finds Defendant understood his appeal rights and waived those rights under the condition as stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count One of the Indictment, including the elements the United States would have to prove at trial, charging him with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The AUSA then advised the Court that the Government's witness had not appeared, having been either provided the wrong date or misunderstanding the date. The Government advised that it was prepared to offer ATF Agent Heather Lohri's testimony by phone, or instead offer a proffer regarding the testimony the witness would have given. Upon inquiry, counsel for Defendant advised that he and Defendant were aware through discovery of three separate ATF reports submitted dealing

with the underlying incident, the interstate nexus element, and the operability of the firearms. Counsel then advised that Defendant would accept the filing of those reports as exhibits as the Government's offer of proof. The Court then inquired of Defendant whether he agreed with the proposed offer of the ATF reports as the Government's offer of proof. Defendant agreed with the procedure and agreed to waive his right to have a live witness testify.

The AUSA then submitted the three reports as hearing exhibits 1, 2, and 3 respectively. He advised that Government's exhibit No. 1 basically summarized the entire underlying incident; No. 2 was an ATF report regarding the test firing of the guns, and No. 3 was an ATF report involving the interstate nexus. The Court **ORDERED** the documents filed and made a part of the record. The originals would be under seal and those for public viewing would be redacted.

The defendant then stated he had reviewed the contents of the three reports. He stated they served as at least part of the basis for his guilty plea. He did not object to the reports being made part of the record to support his plea of guilty. Thereupon, Defendant, Joseph G. Alexander, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count One of the Indictment.

The defendant then testified he believed he was guilty of the crime charged in Count One of the Indictment because he possessed firearms, but honestly thought he was allowed to have firearms due to his having been in the National Guard. The Court then advised that Defendant may have had a viable defense had he been in possession of an M-16 while on a military firing range while in the Army. But Defendant was not. The Court noted that Defendant was not. He was in a car on a public highway, and was not in the service. The undersigned therefore advised Defendant it did not

believe that anyone but a court could reinstate his right to possess a firearm, not even the "top kick" in the army.

From the exhibits submitted by the Government, as approved by Defendant and his counsel, the undersigned Magistrate Judge concludes the offense charged in Count One of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the binding sentence; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the Government's exhibits as well as by Defendant's own allocution.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to the felony charge contained Count One of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count One of the Indictment and be sentenced to the binding sentence of one year and one day.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

The undersigned inquired of counsel regarding the issue of detention or bond, noting that Defendant had been in State custody. Counsel for Defendant advised that the State charges had been

dropped, and Defendant had been in federal custody, and wished to remain in federal custody in order to get credit for time served. He therefore did not object to the government's motion for detention filed on April 23, 2008. The government's motion for detention [Docket Entry 9] is therefore **GRANTED**. Defendant is remanded to the continued custody of the United States Marshall pending further proceedings in this matter.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 27 day of June, 2008.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE