**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                                  **Criminal Action No. 2:08 CR 4**
                                                            **(Maxwell)**

**JOSEPH G. ALEXANDER,**

      **Defendant.**

### ORDER

It will be recalled that on June 25, 2008, United States Magistrate Judge John S. Kaull conducted a hearing for the purpose of considering a proposed plea agreement in the above-styled criminal action. In this regard, it will be recalled that the undersigned United States District Judge had referred the proposed guilty plea to United States Magistrate Judge Kaull for the purposes of administering the allocution pursuant to Rule 11 of the Federal Rules of Criminal Procedure, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted.

On June 25, 2008, Defendant Joseph G. Alexander appeared before United States Magistrate Judge John S. Kaull and entered a plea of guilty, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure[1], to Count One of the four-count Indictment returned in the above-styled criminal action on April 15, 2008. Count One of the Indictment charges the Defendant with being a felon in possession of a firearm in violation

---

[1]Paragraph 3 of the plea agreement expressly reflects that the parties have specifically agreed that the appropriate disposition of the above-styled criminal action is a term of imprisonment for a period of one year and one day. Paragraph 3 of the plea agreement further expressly provides that, while the Court may accept, reject, or defer a decision in this matter until a Presentence Report has been reviewed, this agreed disposition binds the Court if it accepts this plea agreement.

of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Prior to entering his plea of guilty to Count One of the Indictment, the Defendant acknowledged his understanding that he had a right to have an Article III Judge hear his plea of guilty and that United States Magistrate Judge John S. Kaull was not an Article III Judge; voluntarily waived, both orally and in writing, his right to have an Article III Judge hear his plea of guilty; and consented, both orally and in writing, to Magistrate Judge Kaull hearing his plea of guilty.

Based upon the Defendant's statements during the June 25, 2008, hearing and the three ATF reports proffered by the Assistant United States Attorney as providing a factual basis for the plea of guilty, United States Magistrate Judge John S. Kaull found that the Defendant was competent to enter a plea; that his plea of guilty was freely and voluntarily given; that the Defendant was aware of the nature of the charges against him and the consequences of the entry of a plea of guilty thereto, in particular, the binding sentence of one year and one day; and that a factual basis existed for the Defendant's plea of guilty to Count One of the Indictment. Based on these findings, United States Magistrate Judge John S. Kaull entered a Report And Recommendation/Opinion on June 27, 2008, wherein he found that a factual basis for the Defendant's plea of guilty to Count One of the Indictment existed and recommended that this Court accept said plea of guilty and that the Defendant be adjudged guilty of said charge and sentenced to the binding sentence of one year and one day.

The Report And Recommendation/Opinion entered by United States Magistrate Judge John S. Kaull on June 27, 2008, expressly advised the parties, pursuant to 28 U.S.C. § 636(b)(1), of their right to file written objections to said Report And

Recommendation/Opinion within ten (10) days after being served with a copy thereof and warned the parties that a failure to file objections would waive their right to appeal from a judgement of this Court based upon said Report And Recommendation/Opinion.  The record in the above-styled criminal action reflects that no objections to Magistrate Judge Kaull's Report And Recommendation/Opinion have been filed.

Upon examination of the Report and Recommendation/Opinion entered by United States Magistrate Judge John S. Kaull on June 27, 2008, as well as the Waiver Of Article III Judge And Consent To Enter Guilty Plea Before The United States Magistrate Judge, and the Plea Agreement, all of which were filed during said June 25, 2008, hearing, it appears to the Court that all matters raised and suggested by Magistrate Judge Kaull in his Report and Recommendation/Opinion are appropriate.  The Court further finds, based upon its review, that a factual basis existed for the plea of guilty to Count One of the Indictment  entered by the Defendant on June 25, 2008; that the plea of guilty to Count One of the Indictment entered by the Defendant on June 25, 2008, was made freely and voluntarily; and that the Defendant understood the nature of the charges and the consequences of the plea of guilty to Count One of the Indictment that he entered before United States Magistrate Judge John S. Kaull on June 25, 2008.  Accordingly, based upon the foregoing findings, it is hereby

**ORDERED** that the Report and Recommendation/Opinion entered by United States Magistrate Judge John S. Kaull on June 27, 2008, be, and the same hereby is,  **ACCEPTED** in totality, **ADOPTED** by this Court, and **INCORPORATED** herein.  It is further

**ORDERED** that, based upon the aforementioned findings, the Defendant's plea of guilty to Count One of the Indictment  be, and the same hereby is **ACCEPTED** and the Court **ADJUDGES** the Defendant **GUILTY** of the crime charged in Count One of the Indictment.   It is further

**ORDERED** that, pursuant to Rule 11(c)(3) of the Federal Rules of Criminal Procedure and §6B1.1(c) of the United States Sentencing Guidelines, the Court will defer acceptance of the plea agreement, and any binding and nonbinding recommendations contained therein, until the Court has received and reviewed the Presentence Report which will be prepared in this matter.

The docket in the above-styled criminal action reflects that on June 27, 2008, the Defendant's Motion For Expedited Sentencing And Waiver Of Presentence Report was filed in the above-styled civil action. Having carefully reviewed the same and agreeing with counsel for the Defendant that good cause has been demonstrated for the expedited sentencing hearing requested on behalf of the Defendant, it is further

**ORDERED** that the Defendant's Motion For Expedited Sentencing And Waiver Of Presentence Report (Docket No. 26) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that a **sentencing hearing** shall be conducted in the above-styled criminal action on **Thursday, July 17, 2008, at 1:30 p.m.**, at the Federal Courthouse in Elkins, West Virginia.

Although sentencing in the above-styled criminal action will take place in an expedited fashion and the Defendant has waived his right to the preparation of a Presentence Report, the Court believes that an abbreviated presentence investigation report would be helpful to the Court in sentencing the Defendant. Accordingly, it is

**ORDERED** that the United States Probation Office shall undertake an abbreviated and expedited presentence investigation and shall file an abbreviated presentence investigation report with the Court.

The Clerk of the Court is directed to transmit copies of this Order to Counsel for the

4

United States, to Counsel for the Defendant, and to United States Probation Officer William C. Bechtold, Jr.

**ENTER:** July   7  , 2008

                                                                          /S/ Robert E. Maxwell
                                                                          United States District Judge